UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMT CITY VIEW PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE GROVE VENTURES, LLC; and DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-01920-WLH-SK<br><br>**ORDER RE PLAINTIFF'S MOTION TO REMAND [16]** |

Before the Court is Plaintiff's Motion to Remand (the "Motion"). (Mot., Docket No. 16). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 8 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for May 16, 2025, is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **GRANTS** Plaintiff's Motion and **ORDERS** the case be remanded to the Los Angeles Superior Court.

## I. BACKGROUND

### A. <u>Factual Background</u>

Plaintiff MMT City View Properties, LLC ("Plaintiff" or "Plaintiff MMT") brings the present action against Defendant Orange Grove Ventures, LLC ("Defendant" or "Defendant OGV"), alleging private nuisance and negligence. (First. Am. Compl. ("FAC"), Docket No. 11). Plaintiff is a Delaware limited liability company, and its sole member is a citizen of California. (*Id.* ¶ 1). Defendant is a California limited liability company, and its sole member is a citizen of California. (*Id.* ¶ 2; *see also* Notice of Removal ¶ 7, Ex. E).

Plaintiff alleges that it possesses a property located at 1693 Marmont Avenue (the "Property") in Los Angeles, CA. (*Id.* ¶ 5). Defendant owns a series of lots (the "Lots") at "higher elevation and up a hill" from the Property. (*Id.* ¶ 6). Following heavy rains in January 2023, "massive amounts of mud" slid from the Lots to the Property. (*Id.* ¶ 7). Plaintiff contends that Defendants' negligent maintenance of its Lots "caused and/or contributed to" the mudslide that damaged Property. (*Id.* ¶¶ 8-9).

### B. <u>Procedural Background</u>

Plaintiff initially filed the present action on December 20, 2024, before the Los Angeles Superior Court (the "LASC"). (Notice of Removal, Docket No. 1 ¶ 1). On March 5, 2025, Defendant removed the action to this Court, asserting diversity of citizenship. (*Id.* ¶¶ 6-12). On March 11, 2025, Defendant filed a motion to dismiss. (Mot. to Dismiss, Docket No. 6). On March 19, 2025, however, Plaintiff filed a First Amended Complaint ("FAC") (FAC, Docket No. 11), thereby mooting Defendant's pending motion. (Order Deeming Defendant's Mot. as Moot, Docket No. 12). On March 28, Defendant filed its answer. (Answer, Docket No. 15). On April 2, 2025, Plaintiff filed the Motion before the Court. (Mot., Docket No. 16).

## II. DISCUSSION

Before the Court is Plaintiff's Motion to Remand. (*See* Mot.). The Motion is fully briefed. For the reasons explained herein, the Court **GRANTS** the Motion.

### A.    Legal Standard

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). A plaintiff moving to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . ." 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States." "'A limited liability company is a citizen of every state of which its owner / members are citizens, not the state in which it was formed or does business.'" *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016)). Nonetheless, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." A violation of this rule, however, is a procedural, rather than jurisdictional defect. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006). Therefore, as a waivable, non-jurisdictional defect, it is "subject to the 30-day time limit imposed by § 1447(c)." *Id.* Courts strictly construe the removal statutes, rejecting removal jurisdiction in favor of remand to the state court if any doubts as to the right of removal exist. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012).

### B.    Analysis

Plaintiff moves for remand, presenting two main arguments. Plaintiff contends that Defendant "is barred from removing this action under the forum defendant rule [(the "Forum Defendant Rule")] because it is a citizen of California." (Mot. at 1). Further, Plaintiff contends that complete diversity of citizenship is not satisfied, such that this Court lacks jurisdiction and must remand the action. (*Id.* at 3-4). Defendant

3

1  argues that Plaintiff waived the Forum Defendant Rule and requests jurisdictional
2  discovery with respect to Plaintiff's member's citizenship.  (Opp'n to Mot, Docket
3  No. 17 at 1-3).  The Court agrees with Plaintiff.  As such, the Court **GRANTS** the
4  Motion and **ORDERS** the case be remanded to the LASC.  Finally, Plaintiff also
5  requests sanctions in the form of costs and attorney's fees because Defendant "lacked
6  any objectively reasonable basis to remove this action." (Mot. at 4).  Though the
7  Court agrees with Plaintiff that sanctions are warranted, the Court **DENIES** the
8  request, as Plaintiff failed to provide its counsel's hourly rate or hours expended.

9         *1. Forum Defendant Rule Barred Removal and Was Not Waived by Plaintiff*
10      Plaintiff contends that the Forum Defendant Rule made removal to this Court
11  improper in the first instance, as Defendant is a citizen of California.  (Mot. at 3).
12  Citing to *In re Moore* ("*Moore*"), 209 U.S. 490 (1908), *overruled on other grounds by*
13  *Ex Parte Harding*, 219 U.S. 363 (1911), Defendant argues that this is a non-
14  jurisdictional defect and that Plaintiff "waived the [Forum Defendant] Rule by filing
15  an amended complaint, asking for a jury trial, [and] filing a certificate of interested
16  parties. . ." (Opp'n to Mot at 1).  The Court agrees with Plaintiff.
17      Title 28, United States Code, Section 1441(b)(2), also known as the Forum
18  Defendant Rule, places limitations on a defendant's ability to remove a civil action to
19  a federal court.  *See* 28 U.S.C. § 1441(b)(2).  The Ninth Circuit has emphasized that
20  this rule "confines removal on the basis of diversity jurisdiction to instances where no
21  defendant is a citizen of the forum state." *Lively*, 456 F.3d at 939-40.  A violation of
22  this rule, however, is a procedural, rather than jurisdictional defect. *Lively*, 456 F.3d
23  at 942.  Therefore, as a waivable, non-jurisdictional defect, it is "subject to the 30-day
24  time limit imposed by § 1447(c)." *Id.*
25      "To waive a remand challenge by affirmative conduct, the plaintiff must engage
26  in 'affirmative conduct or unequivocal assent of a sort which would render it offensive
27  to fundamental principles of fairness to remand.'" *Everest Sys. Co. v. Platinum*
28  *Roofing, Inc.*, No. 19-cv-03133-BLF, 2019 WL 3387951, at *1 (N.D. Cal. Jul. 26,

2019) (quoting *SWC Inc. v. Elite Promo Inc.,* 234 F.Supp.3d 1018, 1022 (N.D. Cal. 2017)). Such affirmative conduct includes filing "'numerous pleadings and discovery requests after a case has been removed to federal court.'" *Id.* (quoting *SWC Inc.*, 234 F.Supp.3d at 1023). On the other hand, tending to minimal case-management obligations is not the sort of affirmative conduct demonstrating consent to jurisdiction. *Id.*

While Defendant correctly notes that the Forum Defendant Rule is, technically, a waivable, non-jurisdictional defect, the Court finds that Plaintiff has not waived it. For one, Plaintiff timely moved to remand under § 1447(c). *See Lively*, 456 F.3d at 942. Further, Plaintiff persuasively argues that its conduct is not of the sort that demonstrates consent to the Court's jurisdiction. (Reply, Docket No. 18 at 2-3). The Court agrees.

The court in *Rapid Displays* rejected Defendant's exact line of argument. *Rapid Displays, Inc. v. Ford, Walker, Haggerty & Behar, LLP* ("*Rapid Displays*"), No. 16-cv-1703-WQH-JLB, 2016 WL 6543207, at *1-4 (S.D. Cal. Nov. 3, 2016). In *Rapid Displays*, the defendants, citing to *Moore*, argued that the plaintiffs had waived their right to "timely remand this action" pursuant to the Forum Defendant Rule when they filed a first amended complaint and demanded a jury trial after the action was removed. *Id.* at *3. The court distinguished the matter from *Moore*, emphasizing that the plaintiff in that case had waited over six months to file a motion to remand, thereby missing the thirty-day window to move to remand. *Id.* Furthermore, the plaintiff had made "'repeated recognitions of the jurisdiction' of the federal court," including entering into "several stipulations," engaging in discovery and generally demonstrating its willingness to proceed in that forum. *Id.* (quoting *Moore*, 209 U.S. at 496). By contrast, the plaintiffs in *Rapid Displays* had timely filed a motion to remand within 28 days of removal, "in compliance with the thirty-day requirement set forth in section 1447(c)." *Id.* at *3. Furthermore, the court concluded that filing an amended complaint – after the defendants filed a motion to dismiss – and demanding a

5

jury trial – which would otherwise be forfeited if not requested within fourteen days – "did not demonstrate that [the plaintiffs] 'consented to accept the jurisdiction of the United States court[.]'" *Id.* at *4 (quoting *Moore*, 209 U.S. at 496). The court, therefore, granted the motion to remand. *Id.*

The Court finds the instant matter to be on all fours. Plaintiff moved to remand within the thirty-day requirement set forth in § 1447(c). Furthermore, as in *Rapid Displays,* the Court finds that Plaintiff's actions[1] are not of the sort that demonstrate consent to this Court's jurisdiction. *Id.* Rather, Plaintiff's filing its FAC – after Defendant filed its motion to dismiss – and demanding a jury trial are minimal case-management obligations. *Everest Sys. Co.*, 2019 WL 3387951, at *1.

Accordingly, the Court agrees with Plaintiff, finding that removal was improper in the first instance under the Forum Defendant Rule, which has not been waived by Plaintiff. As such, the Court must remand the action. *Rapid Displays,* 2016 WL 6543207, at *4; *see also Nevada*, 672 F.3d at 667 (emphasizing that courts must strictly construe removal statutes, rejecting removal jurisdiction in favor of remand to the state court if any doubts as to the right of removal exist).

### 2. Diversity Jurisdiction Is Lacking, Such That Remand Is Required

Plaintiff also argues that remand is mandatory because diversity of citizenship is not satisfied, as Plaintiff's sole member is a citizen of California (Decl. of Henry Ohebshalom in Supp. of Mot. ("Ohebshalom Decl."), Docket No. 16-2 ¶¶ 3-4), as is Defendant's sole member (*see* Notice of Removal, Docket No. 1-10, Ex. E). (Mot. at 3-4). Defendant, however, contends that Plaintiff failed to sufficiently establish its sole member's citizenship and, therefore, argues jurisdictional discovery is warranted. (Opp'n at 2-3). The Court agrees with Plaintiff and denies the request for jurisdictional discovery.

---

[1] The Court also adds that Plaintiff's filing a certificate of interested parties similarly fails to demonstrate consent to this Court's jurisdiction, where it is mandatory case management under this Court's local rules. *See* L.R. 7.1-1.

6

A district court's discretion to deny jurisdictional discovery will remain undisturbed except "'upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (citing *Data Disc., Inc. v. Systems Tech. Associates, Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). "Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). A court does not abuse its discretion for denial of a request for jurisdictional discovery that appears to be "based on little more than a hunch that it might yield jurisdictionally relevant facts[.]" *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

Here, Plaintiff submitted a sworn declaration, stating that its sole member is a citizen and resident of California. (Ohebshalom Decl. ¶¶ 3-4). Defendant argues that Plaintiff provides "no factual support, such as a home address . . . company operating agreement . . . length of residency in California, days per year spent in California . . . evidence of tax payments to the State of California, etc." (Opp'n to Mot. at 3). The Court disagrees. First, Defendant cites to no case law demonstrating such a heightened showing is required to demonstrate citizenship. Furthermore, the Defendant provides no evidence rebutting that Plaintiff's sole member is a citizen of California.[2] Accordingly, the Court agrees with Plaintiff that Defendant has failed to demonstrate what prejudice it would suffer absent jurisdictional discovery. (Reply at 5); *see Holliday v. Jaguar Land Rover N. Am., LLC*, No. 24-cv-00553-BLF, 2024 WL 1244299, at *7 (N.D. Cal. Mar. 21, 2024) (denying request for jurisdictional discovery to determine citizenship of limited liability company members where defendant failed to identify any evidence that it might discover that "might change the outcome of the Court's ruling . . ."). The Court concludes that Defendant's request is "based on little

---

[2] Instead, Defendant expends significant energy dissecting the reputation of and casting aspersions about the character of Plaintiff's sole member.

more than a hunch that it might yield jurisdictionally relevant facts[.]" *Boschetto*, 539 F.3d at 1020.

Absent evidence suggesting otherwise, the Court finds that Plaintiff is a citizen of California. As Defendant is also a citizen of California, this Court lacks subject matter jurisdiction, as complete diversity of citizenship is not satisfied. *See* 28 U.S.C. § 1332(a). The Court, therefore, **GRANTS** Plaintiff's Motion to Remand.

### 3. Though Sanctions Are Warranted, Plaintiff Failed to Provide Figures Necessary to Assess the Reasonableness

Finally, Plaintiff argues that sanctions are warranted – in the form of costs and expenses, including attorney's fees – because Defendant lacked any "objectively reasonable basis to remove this action[,]" particularly given the Forum Defendant Rule. (Mot. at 4). Further, Defendant "refused to voluntarily remand this action[,]" even after Plaintiff amended its complaint to specify its sole member's California citizenship, such that diversity jurisdiction is clearly lacking. (*Id.*). Defendant argues it had reason to believe diversity jurisdiction was satisfied where Plaintiff's initial complaint failed to mention the names or citizenship of its members, but it fails to address the fact that it entirely ignored the Forum Defendant Rule. (Opp'n at 4).

"An order remanding the case may require payment of just costs and any actual expense, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, a court may award attorney's fees under § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal." *Mendoza v. Yu*, No. 21-cv-08632-TSH, 2022 WL 17862, at *3 (N.D. Cal. Jan. 3, 2022). A Defendant lacks an objectively reasonable basis for seeking removal when such removal is clearly barred by the Forum Defendant Rule. *Everest Sys. Co.*, 2019 WL 3387951, at *2.

Here, the Court agrees with Plaintiff that Defendant, as a California citizen, lacked an objectively reasonable basis for seeking removal, given the application of the Forum Defendant Rule. "Even though this rule is merely procedural and thus

waivable, it would flout the forum defendant rule if the Court were to condone in-state defendants baselessly removing to federal court in the hopes that a plaintiff will waive its right to remand." *Id.*

Plaintiff, however, failed to provide its counsel's hourly rate or the number of hours expended. Without such information, the Court is unable to assess the reasonableness of such costs. *See Everest Sys. Co.*, 2019 WL 3387951, at *2 (demonstrating that the Court must confirm that both the attorney's rate and the number of hours expended are reasonable, "considering counsel's years of experience and comparable rates charged in this District[,]" as well as the "nature and complexity of the issues presented"). Accordingly, the Court **DENIES** the request for sanctions.

### III.  CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. The Court, accordingly, **ORDERS** the case be remanded to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

Dated: May 7, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE